· TIM DUNLAP *vs.* CHARLES MAY.

January 9, 1890.

Alleged errors in the charge of the court to the jury upon the trial of this action, considered and disposed of.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after a verdict of $3,705.78 for defendant on the counterclaim mentioned in the opinion.

*Davis & Farnam,* for appellant.

*E. A. Campbell* and *J. E. Waters,* for respondent.

COLLINS, J. In the complaint in this action the plaintiff alleges the rendition of services for defendant, as general manager, agent, book-keeper, collector, etc., for several years, and their value per annum, aggregating the sum of $17,086.49, on which he admits various payments, in all $9,470.19, as part compensation, demanding judgment for the balance. The answer conceded the performance of services by plaintiff during some of the years mentioned, but put in issue the value thereof. It contained further allegations, as counterclaims, in substance—*First,* that while so in defendant's employ the plaintiff had unlawfully and wrongfully appropriated to his own use $20,000 in money belonging to defendant; *second,* that he had also, during said employment, unlawfully and wrongfully converted to his own use certain chattels, the property of defendant, of the value of $700; and, *third,* that plaintiff was indebted to defendant for the rent of a stave factory, a period of two years, at an agreed rental of $350 per annum. Judgment was demanded for the difference between the value of plaintiff's services, as admitted in the answer, and the total amount of these three separately pleaded counterclaims. A reply completed the pleadings, and, on a trial by a jury, the defendant had a verdict for about one-third of the amount which plaintiff admitted in his complaint he had received in part-payment for his services.

We do not feel it incumbent upon us to specially discuss the rulings made by the trial court on the admission or exclusion of testimony. The court was correct in all of the rulings covered by appellant's assignments of error numbered from 1 to 4, inclusive; and the subject may be disposed of by saying that, on one or two matters, no one would have been prejudiced had the ruling been the other way. This brings us to a consideration of the fifth assignment, whereby it is averred that the court erred in charging the jury that, if it was found from the evidence that plaintiff's services were of less value than $9,470.19, the defendant was entitled to a verdict for the difference. As before stated, the complaint admitted payments on account of services, aggregating the sum above named. On the trial it appeared that, except as to $50, the defendant had no knowledge of any payments, and had not, voluntarily or otherwise, paid the amount admitted. The plaintiff had simply retained it out of defendant's money which had come into his hands, charging the same to himself, from time to time, on defendant's account-books. The defendant, evidently by reason of some understanding between the counsel for the respective parties, either refrained or was not permitted to introduce any testimony tending to sustain either of the counterclaims in which he had charged misappropriation of his money and a wrongful conversion of his chattels. When answering he took the position, undoubtedly, that that part of the admitted payments of which he had no knowledge (all but $50) had been unlawfully and wrongfully appropriated by the plaintiff. He included it in the $20,000 mentioned in his first counterclaim. We gather this from what was said and done upon the trial. If this be true, the situation is as if the defendant had counterclaimed the amount of the admitted payments only, less the sum of $50, and had demanded judgment for the same, less the value of the services. We think this was the view taken by all the parties upon the trial, as well as by the court, and that the proceedings, which included testimony from the plaintiff as to the fact and manner in which he had received this money, amply sustain this conclusion. With this view the charge on this point was correct, and, in any event, the claim of error is but a

mere technicality, growing out of the somewhat confusing manner in which the issues were presented, the dispute between counsel as to what agreement had been made in reference to proof of the alleged counterclaim, and the fact, which we gather from the record, that the attention of the court was not called to the precise point now raised.

The court, after expressly charging that the only question for their consideration was the value of plaintiff's services, and that, under all circumstances, he should receive, as compensation, what his services were reasonably worth, remarked, at the close of the charge, that, as the plaintiff was a trusted employe of the defendant's, "in order to recover for large services, or to recover for any services, good faith and the best of faith was required on his part in return." This remark the plaintiff assigns as error. It is difficult to say just what the learned judge had in mind, as the remark does not seem pertinent to any issue in the case. If it could have conveyed to the jury any meaning prejudicial to plaintiff, it would be that he was not entitled to anything whatever for his services, unless he had exercised the best of faith in their performance. This not only would have been in direct conflict with the remainder of the charge, but it is evident from their verdict, by which they allowed the plaintiff over $6,000 for his services, that the jury either did not attach any such meaning to the charge of the court, or else found as a fact that the plaintiff did act in good faith towards defendant. In either case the plaintiff was not prejudiced by the statement excepted to.

Order affirmed.